IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWARD STEWART | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:16CV261-HSO-JCG |
| | § | |
| TREASURE BAY, LLC, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S [13] MOTION TO REINSTATE FEDERAL QUESTION, PERSONAL INJURY PURSUANT TO 28 U.S.C. § 1331; GRANTING DEFENDANTS' [17] MOTION TO DISMISS; DENYING DEFENDANTS' [19] MOTION FOR SANCTIONS; AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

BEFORE THE COURT are three Motions: (1) a Motion [13] to Reinstate Federal Question, Personal Injury Pursuant to 28 U.S.C. § 1331 filed by Plaintiff Edward Stewart; (2) a Motion [17] to Dismiss filed by Defendants Treasure Bay, LLC, Western Hospitality, Inc., and Treasure Bay Gaming and Resorts, Inc.; and (3) a Motion [19] for Sanctions filed by Defendants Treasure Bay, LLC, Western Hospitality, Inc., and Treasure Bay Gaming and Resorts, Inc.  After consideration of the Motions, related pleadings, the record in this case, and relevant legal authority, the Court finds that Plaintiff's Motion [13] to Reinstate Federal Question, Personal Injury Pursuant to 28 U.S.C. § 1331 should be denied; that Defendants' Motion [17] to Dismiss should be granted; and that Defendants' Motion [19] for Sanctions should be denied.  Plaintiff's claims should be dismissed without prejudice for lack

-1-

of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff Edward Stewart ("Plaintiff" or "Stewart") was once employed at Treasure Bay Casino in Biloxi, Mississippi, but was terminated on April 18, 2011. Am. Compl. [8] at 3. On June 20, 2012, Stewart filed a complaint in this Court, in a separate civil action, asserting discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), against Treasure Bay Casino. *Stewart v. Treasure Bay Casino*, No. 1:12cv197-LG-JCG, Compl. [1] (S.D. Miss. June 20, 2012). On January 7, 2015, this Court granted Treasure Bay Casino summary judgment and dismissed Stewart's claims with prejudice. *Stewart v. Treasure Bay Casino*, No. 15-60087, Order [119] at 18 (S.D. Miss. Jan. 7, 2015).

Stewart appealed [122]. The United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment, and the mandate issued on September 17, 2015. *Stewart v. Treasure Bay Casino*, No. 15-60087 (5th Cir. Sept. 17, 2015).

On July 8, 2016, Stewart filed the Complaint in the present case against Defendant Treasure Bay Casino. The Complaint [1] did not state the basis for this Court's federal subject matter jurisdiction. Nor was it clear that there was any valid basis upon which the Court could exercise diversity or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. According to the Complaint, both Plaintiff and Treasure Bay Casino were citizens of Mississippi. *See* Compl. [1] at 2. The Complaint appeared to assert only state-law claims for negligence and wrongful

termination, although it utilized terms such as "pretext," "retaliation," "protected activities," and "discrimination," which alluded to discrimination and retaliation claims under Title VII. *Id.* at 5, 8.

On July 12, 2016, the Court entered an Order to Show Cause [3] which required Plaintiff to set forth in a written Response "the asserted basis for this Court's federal subject matter jurisdiction, and . . . show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction . . . ." Order [3] at 3. Plaintiff filed a Response [6] on July 18, 2016, which appeared to list several new corporate Defendants and attempted to identify the citizenship of these entities. Resp. [6] at 1-3. Plaintiff asserted that diversity jurisdiction existed, *id.* at 3, and asked the Court to "void any accidental assertions of race discrimination from the previous case" in his Complaint in the present case, *id.* at 3.

On July 22, 2016, the Court entered an Order [7] requiring Plaintiff to file an Amended Complaint "naming all Defendants against whom he seeks recovery in this case, stating all claims Plaintiff asserts against those Defendants, and providing all jurisdictional facts demonstrating that this Court has subject matter jurisdiction over Plaintiff's claims based upon diversity of citizenship." Order [7] at 3. The Court determined that "Plaintiff is deemed to have withdrawn any references to federal claims and has made clear that there is no basis for federal question jurisdiction in this case." *Id.* at 2.

Plaintiff filed an Amended Complaint [8] on July 25, 2016, naming Treasure Bay LLC, Western Hospitality, Inc., and Treasure Bay Gaming and Resorts, Inc., as

Defendants.  The Amended Complaint [8], which remains the operative pleading, ostensibly invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 and appears to advance state-law claims against Defendants.  Am. Compl. [8] at 1-19.

On August 3, 2016, Plaintiff filed a Motion [13] to Reinstate Federal Question, Personal Injury Pursuant to 28 U.S.C. § 1331.  Plaintiff contends that he marked federal question on the civil cover sheet when he filed his original Complaint in this case, and posits that this constitutes a sufficient basis for the Court's subject matter jurisdiction.  Mot. [13] at 1-2.  Plaintiff appears to assert that his failure to set forth a basis for federal question jurisdiction in this Complaint itself was a mere "technicality," which should be excused because he is a pro se litigant  Id. at 2.

In referring to his prior Title VII suit against Treasure Bay Casino, Plaintiff states that neither collateral estoppel nor res judicata is "a factor in this case," because "[t]he federal question has nothing to do with the Title VII of the Civil Rights Act of 1964.  This is a claim of personal injury . . . ."  Id. at 3.  Plaintiff therefore "request[s] that this case proceed under 28 U.S.C. § 1331 as documented in exhibits 1 and 2 to protect [his] right to fairness of due process."  Id.  Exhibit "1" to the Motion [13] is the civil cover sheet Plaintiff completed upon filing his original Complaint, upon which Plaintiff marked "Federal Question" as the basis of jurisdiction and "Other Personal Injury" as the nature of suit.  Exhibit "2" is a copy of the docket sheet, which reflects that the civil cover sheet initially listed this case as "28:1331 Fed. Question: Personal Injury."

On August 30, 2016, Defendants filed a Motion [17] to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Defendants contend that the parties are not of diverse citizenship. Mot. [17] at 2-3. Defendants also filed a Motion [19] for Sanctions pursuant to Federal Rule of Civil Procedure 11. Defendants seek "the imposition of sanctions, including but not limited to sanctions in the form of attorney fees and costs against Plaintiff . . . ." Mot. [19] at 1.

## II.  DISCUSSION

A. Plaintiff's Motion [13] to Reinstate Federal Question, Personal Injury Pursuant to 28 U.S.C. § 1331 should be denied.

Liberally construing the pleadings, it is clear from Plaintiff's Complaint [1], his Response [6] to the Court's Order [3] to Show Cause, and his Amended Complaint [8] that Plaintiff has not raised any federal claims in this case. Plaintiff has asked the Court to "void any accidental assertions of race discrimination from the previous case," Resp. [6] at 3, and "Plaintiff [has been] deemed to have withdrawn any references to federal claims and has made clear that there is no basis for federal question jurisdiction in this case," Order [7] at 2.

The mere selection of "Federal Question" jurisdiction on the civil cover sheet is not controlling. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascosa Counties Water*

*Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982).  The Court cannot "reinstate federal question jurisdiction," as Plaintiff asks, simply because Plaintiff checked the box for "Federal Question" jurisdiction on the civil cover sheet, particularly where, despite being given several opportunities to do so, Plaintiff has set forth no valid basis for federal question jurisdiction in his various pleadings.

While Plaintiff argues that there is a "federal question" based upon the civil cover sheet, it is clear from the liberally-construed record as a whole that Plaintiff does not assert, and does not wish to assert, any federal claims in this case. Plaintiff's pleadings set forth no factual or legal basis for his declaration of federal question jurisdiction.  *See* Mot. [13] at 3 ("The federal question has nothing to do with the Title VII of the Civil Rights Act of 1964.  This is a claim of personal injury . . .").  There is no allegation of any violation of federal law in Plaintiff's pleadings, and there is simply no federal question in this case.  Plaintiff's Motion [13] to Reinstate Federal Question, Personal Injury Pursuant to 28 U.S.C. § 1331 should be denied.

B.  <u>Defendants' Motion [17] to Dismiss should be granted, and Plaintiff's claims dismissed without prejudice for lack of subject matter jurisdiction.</u>

Defendants ask the Court to dismiss this case on grounds that federal subject matter jurisdiction is lacking.  The Court has already determined that the pleadings set forth no basis for the exercise of federal question jurisdiction.  As for diversity jurisdiction, the record is clear that Plaintiff and at least one Defendant are citizens of Mississippi.  *See* 28 U.S.C. § 1332(a)(1); *see also, e.g.,* Am. Compl. [8] at 3 ("Treasure Bay L.L.C. Is [sic] an adult resident citizen of the county of Harrison,

state of Mississippi and the plaintiff is an adult resident citizen of the county of Harrison, state of Mississippi"); Mot. [17] at 2-3 (detailing all Defendants' citizenship as Delaware and Mississippi).  Complete diversity of citizenship is lacking.  Because the Court lacks subject matter jurisdiction, Defendants' Motion to Dismiss should be granted, and Plaintiff's claims dismissed without prejudice.

Even if the Court were deemed to have somehow had federal question jurisdiction over this case when it was initially filed, any such claims have since been dismissed, and the Court would decline to exercise supplemental jurisdiction over the remaining state law claims based upon the infancy of this case.  *See* 28 U.S.C. § 1367(c)(3).

C.     Defendants' Motion [19] for Sanctions should be denied.

Defendants request an award of sanctions pursuant to Federal Rule of Civil Procedure 11.  According to Defendants,

> Plaintiff's present lawsuit is frivolous and Plaintiff should be sanctioned because:  (1) Plaintiff has failed to establish that this Court has subject matter jurisdiction over his claims; (2) Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel; (3) Plaintiff's claims, which are based on Defendants' negligence, are barred by the Mississippi Workers' Compensation Exclusivity Rule; and (4) Plaintiff's claims are barred by the applicable statute of limitations.

Mot. [19] at 2. Defendants assert that they have complied with Rule 11(c)(2) because they "served [their] Motion on Plaintiff by placing it in the mail on July 29, 2016, more than 21 days prior to the filing of the Motion, to allow Plaintiff the opportunity to withdraw/dismiss his lawsuit," which Plaintiff has declined to do. *Id.* at 8.

Plaintiff responds that Defendants are "off the mark claiming that [his] complaint is vexatious litigation." Resp. [22] at 7. Plaintiff maintains that he has "sufficient grounds for this complaint," and that he is "not serving only to cause annoyance to the defendant [sic]." *Id.*

A "district court may sanction a party, including a pro se litigant, under Rule 11 if it finds that the litigant filed a pleading for an improper purpose or that the pleading was frivolous." *Martin v. Bravenec*, 627 F. App'x 310, 312 (5th Cir. 2015) (citing Fed. R. Civ. P. 11(b) and (c); *Whittington v. Lynaugh*, 842 F.2d 818, 820-21 (5th Cir. 1988)). Federal Rule of Civil Procedure 11 provides, in relevant part, that

> (b)  Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Because Plaintiff's claims should be dismissed for lack of subject matter

jurisdiction, the Court is without jurisdiction to reach the merits of Plaintiff's state-law claims.  Based upon the current record, and given Plaintiff's pro se status, the Court cannot find at this time that Plaintiff has necessarily violated any provision of Rule 11(b) in this case.  Moreover, the Motion [19] filed and the version [19-11] served upon Plaintiff pursuant to Rule 11's safe-harbor provision are not identical, such that Defendants arguably did not comply with Rule 11(c)(2).  *Compare* served Motion [19-11] at 2, *with* filed Motion [19] at 2 (containing different language in paragraph 2); *see also SortiumUSA, LLC v. Hunger*, No. 3:11-CV-1656-M, 2014 WL 1080765, at *3 (N.D. Tex. Mar. 18, 2014) (holding that a defendant's "failure to serve [a plaintiff] during the safe-harbor period with the same motion for sanctions that it later filed with the Court indicates that it has not strictly complied with Fed. R. Civ. P. Rule 11(c)(2)" and collecting cases).[1]  The Court will therefore deny Defendants' request for sanctions under Rule 11.  Plaintiff is however cautioned to familiarize himself with the requirements Rule 11(b) before filing any future pleadings.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

---

[1] The Court has not endeavored to compare the two versions of the 10-page Motion word for word.  However, it is obvious that paragraph 2 is different.  While this might be a distinction without difference, in that it may not alter the overall substance of Defendants' Motion, the Court questions whether serving a different version of a motion upon a party complies with letter or spirit of Rule 11(c)(2).

Plaintiff's Motion [13] to Reinstate Federal Question, Personal Injury Pursuant to 28 U.S.C. § 1331 and Defendants' Motion [19] for Sanctions will both be denied. Because the Court lacks subject matter jurisdiction, Defendants' Motion [17] to Dismiss will be granted, and Plaintiff's claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion [13] to Reinstate Federal Question, Personal Injury Pursuant to 28 U.S.C. § 1331 is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [17] to Dismiss is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [19] for Sanctions is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE